UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT

OCT 26, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Stephanie Trujillo,

             Plaintiff,

v.

Target Corporation et al.,

             Defendant.

17-cv-06429 VAP (GJSx)

**Order Granting Motion for Leave to File First Amended Complaint and Order Remanding to State Court (Doc. No. 8)**

On September 28, Plaintiff Stephanie Trujillo ("Plaintiff") filed a Motion for Leave to File a First Amended Complaint and Order Remanding to State Court ("Motion"). (Doc. No. 8.) On October 6, 2017, Defendant Target Corporation ("Defendant") filed its opposition. (Doc. No. 9.) Plaintiff filed her reply in support of the Motion on October 13, 2017. (Doc. No. 13.)[1]

The Court determined Plaintiff's Motion to be appropriate for resolution without a hearing pursuant to Local Rule 7-15 and vacated the hearing originally

---

[1] On October 18, 2017 Defendant filed an additional declaration under seal that relates to the citizenship of Defendant Target. (Doc. Nos. 14, 15.) The Court has denied Defendant's Application to file this document under seal. (Doc. No. 17.) In any event, this declaration has no effect on the Court's decision here, since the Court grants Plaintiff leave to add a diversity-destroying defendant, and does not address the citizenship of Defendant Target.

1

set for October 30, 2017. (Doc. No. 16.) Having considered all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

On July 11, 2017, Plaintiff filed a lawsuit in the Superior Court of California for the County of Los Angeles against Defendant and "Does 1-25." (Doc. No. 1 at 8.) Plaintiff alleged that on August 29, 2015, she suffered injuries when she slipped on the floor in a Target grocery store owned and operated by Defendant in San Pedro, California and suffered injuries. (Doc. No. 1 at 9, ¶6.) Plaintiff asserted one claim for negligence based on her allegations that Defendant's failure to take reasonable precautions to prevent customers slipping and falling was the proximate cause of her injuries. (Id. at 9-10, ¶¶7-9.)

On August 30, 2017, Defendant removed this action to this Court. (Doc. No. 1.) Defendant's removal was based upon diversity jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. § 1441(a). (Id. at 2, ¶¶3-7.)

Plaintiff's Motion seeks to identify "Doe 1" as Kevin Kay, the alleged manager of the Target store where Plaintiff slipped who was purportedly "responsible for the maintenance of the store at the time of Plaintiff's slip and fall," and a citizen of California. (Doc. No. 8 at 2.) Since the addition of this defendant would destroy diversity jurisdiction, Plaintiff requests that the case be remanded to state court. (Doc. No. 8 at 3.) Plaintiff also asserts that the action should be remanded even if Kevin Kay is not added as a defendant, claiming that Defendant is a citizen of California. (Id.)

2

In opposition, Defendant argues that Plaintiff seeks to amend the complaint simply to destroy diversity jurisdiction, and that Kevin Kay did not work at Defendant's store at the time of the incident. (Doc. No. 9 at 8-13.) While Defendant argues that it is a citizen of Minnesota, Defendant does not dispute that adding Kevin Kay, who along with Plaintiff is alleged to be a citizen of California, would destroy diversity and require a remand to state court. (Doc. No. 9 at 14-17.) Defendant also requests sanctions against Plaintiff's Counsel for filing a motion with fraudulent motive and without undertaking the necessary investigation to ensure Plaintiff was naming a proper party. (Doc. No. 9 at 17-18.)

## II. LEGAL STANDARD

"Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing 28 U.S.C. § 1447(e)); see also Forward-Rossi v. Jaguar Land Rover N. Am., LLC, No. 2:16-CV-00949-CAS (KSx), 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016) (noting that "Rule 15 . . . does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant").

When deciding whether to permit joinder under § 1447(e), a court should consider the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder

3

would prejudice the plaintiff; and (6) the strength of the claims against the new defendant. Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

## III. DISCUSSION

### A. Extent to Which Non-Diverse Parties are Needed for Just Adjudication

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999), quoted in Boon, 229 F. Supp. 2d at 1022. The standard under Rule 19 is met "when failure to join will lead to separate and redundant actions." IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Though courts consider whether Rule 19's standard would be met, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." Id. at 1011-12, quoted in Boon, 229 F. Supp. 2d at 1022. "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1022.

Plaintiff alleges that "Kevin Kay was the manager of the [Target] store at the time of Plaintiff's slip and fall" and that he was responsible for maintenance of the store, training and education of store employees charged with maintaining the store, and verifying that the store was being "maintained according to industry standards" at the time of her fall. (Doc. No. 8 at 20, ¶3.) In other words, Plaintiff has alleged that Kevin Kay had "a high degree of involvement . . . in the occurrences that gave

4

rise to [Plaintiff's] cause of action." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002). Accordingly, this factor weighs in favor of granting plaintiff leave to amend the complaint.

Defendant's argument that Kevin Kay "has no relationship to this case" because "there has not been an employee or manager by the name of Kevin Kay at the subject Target in San Pedro at the time of the subject incident, or otherwise" is unavailing. (Doc. No. 9 at 10.) Defendant's conclusion that "the person Plaintiff purports to allege is a Target employee does not exist" is far too broad given the record before the Court. Defendant's disavowal of "Kevin Kay" is particularly narrow. Although Defendant contends that "Kevin Kay" does not show up in the Target database as a manager or employee at the San Pedro Target Store, Defendant does not include any further evidence that would lead this Court to believe that Kevin Kay is an entirely fictitious person or entirely unrelated to this lawsuit. (Doc. No. 9-1 at 2, ¶5.) For example, Defendant does not claim that the Target store had no manager at the time of the incident, or that no other database or record names Kevin Kay, or that no alternate spelling of "Kevin Kay" shows the person who Plaintiff seeks to add as a defendant. Indeed, Plaintiff's counsel has submitted a declaration stating that Plaintiff attempted to obtain the correct name for the manager of the Target store in question, and Defendant stated that the first name of the manager was "Kevin" but declined to provide a last name. (Doc. No. 13-1 at 3, ¶13.) At some point, Plaintiff was able to identify the last name of the manager by calling Defendant's customer service representative. (Doc. No. 8 at 15, ¶4.) The Court thus finds that this factor weighs in favor of granting Plaintiff leave to amend.

5

### B. Statute of Limitations

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (Clinco, 41 F. Supp. 2d at 1083); see also Id. ("But where . . . a plaintiff would be required to litigate essentially duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial resources and the risk of inconsistent results weighs in favor of allowing joinder."); IBC Aviation Services, 125 F. Supp. 2d at 1012 ("[E]ven though a state court against [the proposed defendant] might be possible, requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results].").

Here, it is uncontested that Plaintiff would be foreclosed from pursuing a negligence action against Kevin Kay pursuant to Cal. Code Civ. P. § 335.1 because the two-year statute of limitations for bringing such a claim lapsed on August 29, 2017. (Doc. No. 8 at 16, ¶6(b); Doc. No. 13 at 3.) This factor thus weighs in favor of permitting Plaintiff's amendment.

### C. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083 (citing Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983)).

In <u>Yang v. Swissport USA, Inc.</u>, 2010 WL 2680800 (N.D. Cal. 2010), the district court granted a motion to amend that was filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court." <u>Id.</u> at *4.

Here, Plaintiff filed this case in the California Superior Court on July 11, 2017. Defendant removed the case on August 30, 2017, and the parties have yet to file dispositive motions. Plaintiff also asserts that she has attempted to obtain the name of "Doe 1" without success before one of Defendant's representatives recently revealed this name to Plaintiff. (Doc. No. 13-1 at 3, ¶13; Doc. No. 8 at 15, ¶4.)

The Court finds that under these circumstances, this factor supports allowing the amendment.

**D.  Prejudice to Plaintiff**

"[A] court must consider whether significant prejudice to plaintiff would result from the denial of joinder. Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants." <u>Yang</u>, 2010 WL 2680800, at *5 (citing <u>IBC Aviation Services</u>, 125 F. Supp. 2d at 1013).

7

As noted above, the proposed claims arise out of the same facts as Plaintiff's existing claims, and requiring duplicative federal and state lawsuits would be an unnecessary expenditure of judicial resources and risk of inconsistent results. Accordingly, this factor weighs in favor of allowing the amendment.

**E.  Motive**

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083.  "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002); however "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." Yang, 2010 WL 2680800, at *5.

Defendant argues that Plaintiff's amendment is brought in bad faith, solely to defeat diversity jurisdiction.  (Doc. No. 9 at 10-11.) [2] According to Defendant's

---

[2] Defendant alludes to the doctrine of "fraudulent joinder" and indicates several times that the addition of Kevin Kay is fraudulent.  (Doc. No. 9 at 10-11.)  To prove fraudulent joinder, however, Defendant would have to prove by clear and convincing evidence that no cause of action had been stated against Kevin Kay.  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").  To the extent that Defendant seeks to prevent the remand of this action on a fraudulent joinder theory, rather than simply questioning Plaintiff's motive, the Court finds that Defendant has not shown by clear and convincing evidence that Plaintiff's amendment would constitute a fraudulent joinder.

8

counsel, Plaintiff's counsel indicated in a telephone call that he would add a store manager as a defendant in order to defeat diversity rather than taking Defendant's deal to remand the case voluntarily to state court if Plaintiff would cap damages at under $75,000.00. Doc. No. 9 at 11; Doc. No. 9-2 at 2-3, ¶6.) Plaintiff's counsel contests Defendant's counsel's characterization of their telephone conversation, stating that he had legitimate reasons for declining Defendant's offer, and that identifying Kevin Kay as a defendant was embarked upon prior to removal. (Doc. No. 13-1 at 3, ¶13).

Although the Court declines to draw any inferences from Plaintiff's decision to decline a settlement, the timing of Plaintiff's Motion is somewhat troubling as it was filed more than two years after the alleged fall. Furthermore, the Court notes that all it took to obtain Kevin Kay's full name was to place a telephone call to Defendant's customer service representative. (Doc. No. 8 at 15, ¶4.)

Plaintiff asserts that she had made some efforts to obtain Kevin Kay's name from Defendant prior to removal. (Doc. No. 13-1 at 3, ¶13.) Furthermore, her proposed amendment appears to state a facially legitimate claim against Kevin Kay, the store manager, who is alleged to have played a central role in the slip and fall that is at the center of Plaintiff's lawsuit. (See Section III.F below.)

While the timing of Plaintiff's amendment indicates that adding Kevin Kay as a defendant to destroy diversity may have been a motive, the legitimacy of Plaintiff's claim against Kevin Kay indicates that it was not the primary motive.

Accordingly, the Court finds that this factor weighs only slightly against permitting Plaintiff's proposed amendment, particularly since § 1447(e) anticipates the addition of diversity-destroying defendants, reducing the importance of the suspicion of diversity destroying amendments. Yang, 2010 WL 2680800, at *5 (citing IBC Aviation Services, 125 F. Supp. 2d at 1012).

**F.    Validity of New Claims**

"Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. Among these is whether a new claim sought to be added seems to have merit." Clinco, 41 F. Supp. 2d at 1083. Plaintiff's proposed First Amended Complaint alleges two claims against defendant Kevin Kay: negligence and premises liability. Where one of the proposed claims appears to have merit, the Court need not address the others. See, e.g. Yang, 2010 WL 2680800, at *5 ("On this record, the Court finds that plaintiffs may have valid negligence claims against [defendants]. The Court finds it unnecessary to decide whether plaintiffs may have a valid claim for willful and wanton conduct.").

In Revay v. Home Depot U.S.A., Inc., No. 2:14-CV-03391-RSWL, 2015 WL 1285287 (C.D. Cal. Mar. 19, 2015) the plaintiff brought suit against defendant Home Depot U.S.A., Inc. and the general manager of a Home Depot store after a shopping cart tipped over onto his foot and "spill[ed] sheets of drywall and hardy board on [plaintiff's] back" while he was shopping at a Home Depot store. Id. at *1. The defendants removed to federal court on the basis of diversity jurisdiction and argued that the defendant general manager was a sham defendant fraudulently joined to destroy diversity jurisdiction. Id. at *2. The Court found that Plaintiff had stated a

viable claim for negligence against the store manager defendant and that the defendants had failed to establish that a store manager was immune from such claims under California law. Id. at *3-4.

Here, the Court similarly finds Plaintiff's negligence claim against Kevin Kay appears to have merit. Plaintiff has alleged the necessary elements of negligence under California law. See Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996) ("The elements of a cause of action for negligence are well established. They are (a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury.") (internal quotation marks removed, emphasis in original); Judicial Council of California Civil Jury Instruction 400. Defendant has failed demonstrate why such a claim against Kevin Kay is invalid.[3] Accordingly, this factor weighs in favor of permitting Plaintiff's amendment.

## G. Defendant's Request for Rule 11 Sanctions

Defendant requests the Court sanction Plaintiff pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 9 at 17-18.) Pursuant to Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In

---

[3] Neither party provides any analysis of this factor. Instead, Plaintiff asserts that the claim against Kevin Kay is meritorious (Doc. No. 8 at 10, 16, ¶6(e); Doc. No. 13 at 6), and Defendant concludes that "there are no new allegations from which a manager of Target could be held personally liable." (Doc. No. 9 at 13.)

addition, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id. Those requirements are known as Rule 11's "safe harbor" provision.

Defendant's request for sanctions under Rule 11 is included within its Opposition, and the Opposition does not state that Defendant otherwise complied with Rule 11's "safe harbor" provision. For those reasons, the Court denies Defendant's request for sanctions. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001) (noting that "the procedural requirements of Rule 11(c)(1)(A)'s 'safe harbor' are mandatory" and "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions"); Sacchi v. Levy, No. CV 14-08005-MMM (FFMx), 2015 WL 12765637, at *10 (C.D. Cal. Oct. 30, 2015) ("Sacchi's motion for sanctions [pursuant to Rule 11] is appended to his motion to dismiss and is therefore procedurally improper. Furthermore, he nowhere states that he complied with Rule 11's safe harbor provision. As a result, the motion must be denied.").

### IV.  CONCLUSION

In sum, weighing all of the factors together, the Court finds that permitting the diversity-destroying joinder of Kevin Kay is appropriate.[4] For the reasons stated above, Plaintiff's Motion to amend is granted the Court directs the clerk to file the

---

[4] Since the parties are not diverse with the addition of Kevin Kay, it is not necessary for the Court to determine the citizenship of Defendant Target.

12

proposed First Amended Complaint.  (Doc. No. 8 at 19-26.)  This case is hereby remanded to the California Superior Court, county of Los Angeles.

**IT IS SO ORDERED.**

Dated:     10/26/17

Virginia A. Phillips
Chief United States District Judge